IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DAVID R. AMBROSE, II,

        Plaintiff,

        v.

SALVATORE PAIS, DONALD TRUMP, and MIKE POMPEO,

        Defendants.

Case No. 4:24-cv-00008-SLG

### ORDER OF DISMISSAL

On March 4, 2024, self-represented litigant David R. Ambrose, II ("Plaintiff") filed a civil complaint, a civil cover sheet, and paid the filing fee.[1] Plaintiff has subsequently filed numerous notices and motions, including a motion to expedite consideration of Plaintiff's motion requesting the Court order the United States Marshal to perform service in this case.[2] While the Court must liberally construe filings by self-represented litigants, it need not allow plaintiffs to defy the fundamental basics of pleading. Although non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements when the filing fee is paid,

---

[1] Dockets 1-3.

[2] Dockets 19-20.

the Court retains the inherent authority to dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[3] or for lack of jurisdiction.[4]

Plaintiff has failed to demonstrate that an emergency justifying expedited relief from the Court is warranted.[5] Nonetheless, having reviewed and considered the filings, the Court finds the Complaint must be dismissed for lack of subject matter jurisdiction. The Court also finds granting Plaintiff leave to file an amended complaint would be futile. Therefore, for the reasons explained below, this case is DISMISSED without leave to amend, and all pending motions are DENIED as moot.

## DISCUSSION

Plaintiff names Salvatare Pais, Mike Pompeo, and Donald Trump ("Defendants") in their individual and official capacities.[6] Plaintiff attempts to bring *Bivens* claims against Defendants for events that allegedly occurred in the South Pacific Ocean during the scope of Defendants' federal employment[7] in November

---

[3] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[4] *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

[5] *See* Local Civil Rule 7.3.

[6] Docket 1 at 2.

[7] Plaintiff indicates Salvatore Pais is an "Engineer" in the Complaint (Docket 1 at 2), and he identified the "Air Force" as the County of Residence for the first listed defendant on his civil cover sheet at Docket 2. Plaintiff names Donald Trump as "Commander in Chief" and Mike Pompeo as 'Former Secretary of State and Former Director of the CIA.: Docket 1 at 2.

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 2 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 2 of 10

2019.[8] Plaintiff believes Defendants violated his "right not to be attacked with spacetime winds in accordance with treason provisions… [and] the right to be free from a timeline dictated by the military." He also expresses "concerns of rebellion" and claims Defendants "manipulated the nuclear spin rates of individuals and the fabric of reality along with it."[9]

For relief, Plaintiff seeks "[a]ccess to technology to remedy the situation" and $750 billion in gold. He also requests an order to imprison Defendants, terminate their employment, and disqualify them from office and the future ability to contract with the government.[10] He also motions for the Court for a grand jury to investigate alleged criminal actions in violation of various sections under Title 18 of the United States Code.[11] Plaintiff has also filed several notices that appear to be attempts to supplement the Complaint with additional allegations[12] and possible felony activity by an unknown number of unnamed individuals including "members of congress, governors, state legislators, federal employees, state employees, executive branch public servants, judges, individuals in the military, employes of other

---

[8] Docket 1 at 4.

[9] Docket 1 at 3–4.

[10] Docket 1 at 5.

[11] *See* Dockets 6–8, 11 (various motions for grand jury investigation and proceedings); Docket 9 (motion to quash/set aside a pleading in an unidentifiable case "Mj-04293-DHH"), and Docket 10 (motion for a witness who allegedly has relevant information about Defendants attempts to defraud the country).

[12] Notices at Docket 4 (regarding covid and addition violations of Title 18 of the United States Code); Docket 5 (requesting the Court "take into account the private tracking of potential crimes in regards to past, present, and future matters").

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 3 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 3 of 10

agencies, private businesses, foreign entities, and any other individual or group of people in connection with crimes against the county."[13]

## I. Notices

Notices are a type of filing that should be rarely used and only for administrative functions—i.e., to notify the court of a change of address or for an attorney to appear to represent a client.[14] "Notices" that do not comply with the procedural rules cannot be considered and should not be filed. The Court will not consider any additional allegations contained in the notices, as they are not a proper way to amend a complaint.[15] And even if Plaintiff had included such claims in the Complaint, they could not proceed for the same reasons discussed below as to the Complaint.

## II. Violations of Criminal Statutes

Plaintiff seeks to commence criminal investigations and grand jury proceedings against Defendants and cites to various provisions of Title 18 of the United States Code ("Title 18").[16] Title 18 covers federal crimes and criminal procedures and does not provide a basis for civil liability.

---

[13] Docket 13.

[14] *See* Local Civil Rule 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); *see also* Local Civil Rule 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of their client).

[15] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[16] *See* Dockets 1, 5–8, 11.

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 4 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 4 of 10

The United States Constitution delegates the powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch.[17] The Executive Branch of the United States has exclusive authority and absolute discretion to decide whether to prosecute a criminal case.[18] As part of the Judicial Branch, the Court does not have the power to initiate a criminal prosecution or to convene a grand jury based on Plaintiff's request.[19] Therefore, Plaintiff's claims under Title 18 are DISMISSED with prejudice, and Plaintiff's motions at Dockets 6–11 and 21 are DENIED.

### III. Jurisdiction

The Court has an independent obligation to determine whether it has subject-matter jurisdiction.[20] "[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[21] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[22] A

---

[17] *Bowsher v. Synar,* 478 U.S. 714, 721 (1986).

[18] *United States v. Nixon,* 418 U.S. 683, 693 (1974).

[19] See *Latronica v. Merrill Lynch*, 2016 WL 6967586, at *3 (E.D. Cal. 2016), *report and recommendation adopted sub nom. Latronica v. Lynch*, 2016 WL 10654059 (E.D. Cal. 2016).

[20] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"); *Wilson v. Lynch, 835 F.3d 1083, 1091* (9th Cir. 2016).

[21] *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

[22] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 5 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 5 of 10

party invoking federal jurisdiction must satisfy the threshold requirement of showing an actual case or controversy under Article III of the U.S. Constitution.[23] Federal courts enforce this jurisdictional limitation through the doctrine of standing.[24]

To establish standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision."[25] An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.' "[26] A "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'"[27] A "concrete" injury "must actually exist" and must be "real, and not abstract."[28] If a federal court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.[29] A federal court can also dismiss a complaint that is based

---

[23] *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

[24] See *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340–42 (2006).

[25] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (citing *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004)).

[26] *Lujan,* 504 U.S. at 560 (citations omitted).

[27] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016) (quoting *Lujan,* 504 U.S. at 560 n.1).

[28] *Id.* at 340.

[29] Fed. R. Civ. P. 12(h)(3); see also *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (a federal court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 6 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 6 of 10

solely on conclusory statements, bare assertions without any factual basis, or allegations that are not plausible on their face.[30]

In this case, Plaintiff makes numerous allegations over which a federal court might have jurisdiction, as he cites to several amendments to the United States Constitution.[31] However, the facts in the Complaint do not support any such claims. While a federal court must construe a complaint in the light most favorable to a plaintiff,[32] it is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[33] The Court is unable to identify a plausible injury that affected Plaintiff personally, as the Court finds the term "spacetime symptoms" to be incomprehensible. Nor has Plaintiff explained how any of the named Defendants caused such an injury, and the claims lack an arguable basis in either law or fact.[34] Further, Plaintiff makes no attempt to explain what connection the alleged events have with the District of Alaska. And the Complaint alleges no facts that would demonstrate that this Court would have personal jurisdiction over any of the named Defendants when none of the named

---

[30] *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009); see also *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

[31] Docket 1 at 3.

[32] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a federal court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[33] *See, e.g., Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of Section 1983 and 1985 claims because plaintiff's conclusory allegations of conspiracy were not supported by material facts).

[34] *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 7 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 7 of 10

Defendants live or work in Alaska and the alleged events reportedly occurred somewhere in the South Pacific Ocean.[35]

## IV. Statute of Limitations

Finally, even if the Court could discern a claim, the events described appear to be facially time-barred by the Statute of Limitations.[36] If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[37] A statute of limitations bars claims after a specified based on the date when the claim accrued (as when the injury occurred or was discovered).[38] Claims brought under *Bivens* are subject to the state's statute of limitations for personal injury actions.[39] In Alaska, the statute of limitations for personal injury claims is two years.[40] The alleged events giving rise to Plaintiff's claims occurred

---

[35] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have personal jurisdiction over the defendants); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[36] *See* STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019) ("[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered.)")

[37] *See Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. Jan. 19, 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action").

[38] STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019).

[39] *Butler v. Nat'l Cmty. Renaissance of Cal.,* 766 F.3d 1191, 1198 (9th Cir. 2014).

[40] Alaska Statute § 09.10.070.

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 8 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 8 of 10

in 2019. Therefore, under the applicable statute of limitations, Plaintiffs' claims are time-barred.

## V. Amendment is Futile

If a federal court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[41] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[42] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[43]

Plaintiff's claims are unsupported by any cognizable legal theory; the Court is unable to establish a basis for subject matter jurisdiction, and any claims related to events that allegedly occurred in 2019 are time-barred by the applicable statute of limitations. Additionally, the Court does not have personal jurisdiction over the named Defendants. Therefore, the Court finds amendment would be futile and will not accord Plaintiff leave to file an amended complaint. Finally, service of process

---

[41] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[42] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[43] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 9 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 9 of 10

is unnecessary as this case will now be closed. Therefore, Plaintiff's motions at Dockets 19 and 20 are DENIED.

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED.**

2. The Court finds amendment would be futile.

3. All pending motions are **DENIED.**

4. The Clerk shall issue a final judgment and close this case.

DATED this 25th day of April 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00008-SLG, *Ambrose v. Pais, et al.*
Order of Dismissal
Page 10 of 10
Case 4:24-cv-00008-SLG   Document 23   Filed 04/25/24   Page 10 of 10